THE PENNSYLVANIA.

*(District Court, S. D. New York. October 24, 1884.)*

1. COLLISION—CAUSE OF DAMAGE.

As the libelant's tug D. was lying at the end of one of the piers at Jersey City outside of two canal-boats, the steam-tug P. backed out of the slip above and was swung round with the ebb-tide so that her port quarter came along-side the D., causing the D. to roll somewhat; and, in a few moments afterwards, the D. was found leaking, with two deep cuts in her side below the water-line. *Held,* upon the evidence, that the leak was caused by cuts from the P.'s propeller blades, notwithstanding that the P. was constructed with widely projecting guards, expressly designed to prevent the possibility of such an accident.

2. SAME—OFFER OF SETTLEMENT—COSTS.

The owners of the P., on a claim being made against them, offered to pay the bill at once, if the owners of the D. would permit the P. to come along-side, to test whether the blade of the P.'s propeller could possibly get near the D.; and, the offer not being accepted, *held,* that the request was a reasonable one having reference to an immediate settlement, and, having been refused, costs were disallowed to the libelant on recovery.

In Admiralty.

*J. A. Hyland,* for libelants.

*Beebe, Wilcox & Hobbs,* for claimant.

BROWN, J. Notwithstanding the apparent improbability that the propeller of the Pennsylvania could have struck the Dickson, I feel constrained, from the testimony, to find that the propeller did cause the cuts described. The nature of the cuts, the time, the position, the examinations made by several persons within a few minutes after the contact, and the immediate leaking of the boat, seem to leave no reasonable doubt. The Pennsylvania was, however, manifestly built in a manner designed to avoid the possibility of doing such damage. No similar accident had ever occurred with her before. The discredit of the claim presented against her was, therefore, natural, and not unreasonable, on the part of her owners. The offer to pay the bill at once if the owners of the Dickson would permit the Pennsylvania to come along-side in order to test the possibility of the propeller's touching the Dickson, as alleged, was, it seems to me, a request that, under the circumstances, might reasonably have been acceded to. I cannot for a moment question that it was made in good faith; and as I find that the propeller did strike the Dickson, I think this test, if permitted, would have led to an immediate settlement of the claim; and have rendered this suit unnecessary. While I feel compelled to find in favor of the libelants, I cannot, therefore, allow costs.